IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **ASHLEY J. BALL,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Civil No. 11-985-DRH-CJP** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| Defendant. | ) | |

## <u>REPORT and RECOMMENDATION</u>

This Report and Recommendation is respectfully submitted to Chief Judge David R.

Herndon pursuant to **28 U.S.C. § 636(b)(1)(B)**.

Before the Court is Defendant's Revised Motion to Dismiss for Lack of Subject Matter

Jurisdiction.  **(Doc. 25)**.  Plaintiff filed a response at **Doc. 26** and a memorandum in opposition at

**Doc. 27**.

## <u>Procedural History</u>

Plaintiff Ashley J. Ball unsuccessfully applied for Supplemental Security Income (SSI)

several times before 2008.  She did not appeal from the denial of those applications.  In May,

2008, she filed another application for SSI.  (Tr. 414).  Despite the fact that the application was

approved, plaintiff filed a request for a hearing.  (Tr. 218).  An employee of the agency contacted

plaintiff and determined that she was "appealing the date of the application we used to start her

benefits."  (Tr. 215).

After holding two hearings, ALJ Joseph W. Warzycki issued a decision on July 23, 2010.

In that decision, he determined that the denials of plaintiff's prior applications were final, the

1

criteria for extending the time to appeal from those denials were not met, and the criteria for reopening the prior claims were not met.  (Tr. 14-20).  The Appeals Council denied plaintiff's request for review on September 2, 2011.  (Tr. 7).  Plaintiff filed a timely complaint.

With leave of Court, plaintiff filed an Amended Complaint at Doc. 24.

## Allegations of Amended Complaint

Plaintiff seeks review of the ALJ's determination that the denials of plaintiff's prior applications were final, the criteria for extending the time to appeal from those denials were not met, and the criteria for reopening the prior claims were not met.  She claims that these determinations were legally erroneous and/or not supported by substantial evidence in the record. She also claims that these determinations violated her right to due process because she and her mother were mentally incompetent to contest the denials of her prior applications and she was not represented by counsel.

## Issues Raised in Motion to Dismiss

Defendant argues that this Court does not have jurisdiction to consider plaintiff's complaint for the following reasons:

1. Under 42 U.S.C. §405(g), federal courts have jurisdiction to review final agency decisions rendered after a hearing.  Plaintiff seeks review of the ALJ's decision refusing to reopen the denial of a 1996 application for benefits, but this decision is not a final decision subject to judicial review.

2. Similarly, the ALJ's decisions that plaintiff had not demonstrated good cause for extending the time for requesting review of the denial of the 1996 application is not a final decision subject to judicial review.

3. Plaintiff has not alleged a colorable constitutional violation sufficient to confer jurisdiction of her claims.

## Facts Established by the Administrative Record

The transcript of administrative proceedings is filed at Doc. 15.  As neither party has contested the relevant facts set forth by ALJ Warzycki in his July 23, 2010, decision, most citations to the record will refer to ALJ Warzycki's decision.

Plaintiff Ashley J. Ball was born in December, 1985.  (Tr. 15).  Her father passed away in September, 1993.  She began receiving Child's Insurance Benefits based on her father's earnings shortly thereafter.  See, 42 U.S.C. §402(d).  (Tr. 16).

Ashley's mother, Tawana Ball, filed an application for SSI on her behalf in 1996.  That application was initially denied based on a determination that Ashley was not disabled.  There was no appeal.  (Tr. 15).

Tawana Ball again applied for SSI for Ashley in 1999.  That application was denied on the basis that Ashley was not disabled, and there was no appeal from the decision.  (Tr. 16).

In December, 2003, plaintiff turned 18 years old.  She applied for Disabled Adult Child's Insurance Benefits based on her father's earnings in January, 2004.  (Tr. 16).  That application was approved in a decision dated May 26, 2005.  (Tr. 56-59).  She also applied for SSI benefits in January, 2004.  (Tr. 16).  That application was also approved, and Ashley was notified that she would begin receiving payments as of April 1, 2005.  Her grandmother, Edith Mae Taylor, was designated as the representative payee.  (Tr. 110-116).

In July, 2005, the agency determined that Ashley was no longer eligible for SSI because her "countable income," which consisted of her Disabled Adult Child's Insurance benefits and the value of food and shelter in her grandmother's home, exceeded the permissible level for SSI eligibility.   Ashley requested reconsideration and a hearing.  After a hearing, an ALJ decided in January, 2007, that the agency's decision had been correct.  (Tr. 16).  In April, 2007, Ashley's

3

eligibility for SSI was terminated because no benefits had been payable due to excess countable income for more than 12 continuous months.  (Tr. 16).

Ashley filed three more applications for SSI during 2007.  All of the 2007 applications were denied because of excess countable income.  The issue of disability was not reached in those decisions.  Ashley did not appeal.  (Tr. 16-17).

The application giving rise to this litigation was filed in May, 2008, and was approved on September 1, 2008.  Ashley was found to be eligible to receive SSI payments as of the date of her application, May 28, 2008.  In computing the amount of her monthly SSI payment, the amount she was already receiving as Disabled Adult Child's Insurance benefits was taken into account.  Thus, she was eligible to receive an additional $94.00 per month beginning in June, 2008.  (Tr. 432-433).

### Analysis

42 U.S.C. §405(g) provides for judicial review of "any final decision of the Commissioner of Social Security made after a hearing."   However, this section does not authorize judicial review of *every* decision made by the Commissioner after a hearing.

The Supreme Court has held that this section "cannot be read to authorize judicial review of alleged abuses of agency discretion in refusing to reopen claims for social security benefits.**" *Califano v. Sanders*, 430 U.S. 99, 107-108 (1977)**.  The reason for this rule is that the Commissioner may deny a request to reopen a final decision on a prior claim without affording the claimant a hearing.  42 U.S.C. §405 does not mandate any procedures at all for reopening final decisions on prior claims.  "Indeed, the opportunity to reopen final decisions and any hearing convened to determine the propriety of such action are afforded by the Secretary's

regulations and not by the Social Security Act." ***Sanders*, 430 U.S. at 108.**  In the Supreme

Court's view, judicial review is limited to "the original decision denying benefits."  ***Ibid*.**  The

Supreme Court explained:

> Moreover, an interpretation that would allow a claimant judicial review simply by filing
> and being denied a petition to reopen his claim would frustrate the congressional purpose,
> plainly evidenced in § 205(g) [42 U.S.C. §405(g)], to impose a 60-day limitation upon
> judicial review of the [Commissioner's]  final decision on the initial claim for benefits. . .
> . Congress' determination so to limit judicial review to the original decision denying
> benefits is a policy choice obviously designed to forestall repetitive or belated litigation
> of stale eligibility claims. Our duty, of course, is to respect that choice.

***Ibid*.**  The only exception is where the Commissioner's decision is challenged on constitutional

grounds.  ***Sanders*, 430 U.S. at 109.**

Applying ***Sanders***, the Seventh Circuit held in ***Watters v. Harris*, 656 F.2d 234 (7th Cir.**

**1980)**, that federal courts may not review an administrative decision denying a social security

claimant additional time in which to request a hearing.  As with a request to reopen a prior claim,

a request to extend the time to request a hearing may be denied without a hearing.  In fact, as the

Seventh Circuit pointed out, §405(g) requires that a hearing be held in only one circumstance,

that is, "where an adverse ex parte determination on a claim for benefits has been made and

timely request for a hearing on that claim has been filed."  ***Watters*, 656 F.2d at 239.**  In other

words, the Social Security Act requires that a claimant be afforded a hearing only on the denial of

the application for benefits itself.  While the regulations and the agency's procedures may permit

hearings in other circumstances, such hearings are not mandated by Congress.

Notwithstanding the clear pronouncement of the Supreme Court, plaintiff Ball argues that

***Sanders*** does not foreclose judicial review here because the claimant in ***Sanders*** was not

afforded a hearing on the request to reopen the prior decision.  However, this argument has

already been rejected by the Seventh Circuit in ***Bolden for Bolden v. Bowen*, 868 F.2d 916 (7th Cir. 1989)**.  The Seventh Circuit held that whether or not the claimant was afforded a hearing on her request to reopen a prior claim makes no difference because "the Supreme Court's opinion makes as clear as clear can be that the final decision to which section [405(g)] refers is (in the view of the Court, which is of course binding on us) the decision on the initial claim, not the decision refusing to reopen the earlier proceeding." ***Bolden*, 868 F.2d at 918.**  Thus, the fact that plaintiff here was afforded a discretionary hearing is of no legal significance.  The Commissioner cannot, by affording a claimant a discretionary hearing, confer jurisdiction on this Court.

Plaintiff also argues that she fits into the constitutional issue exception recognized by the Supreme Court in ***Sanders***.  She asserts that the refusals to reopen her prior claims and to extend the time to administratively appeal them violates her due process rights because both she and her mother "lacked the mental competence necessary to contest the agency's determination regarding the 1996 application."  Amended Complaint, Doc. 24, ¶18.

In ***Sanders***, the Supreme Court recognized that judicial review is available in "those rare instances where the Secretary's [now, the Commissioner's] denial of a petition to reopen is challenged on constitutional grounds." ***Sanders*, 430 U.S. at 109.**  However, in order to come within this exception, Ms. Ball must state a colorable constitutional claim related to the decision not to reopen the prior decision, i.e., ALJ Warzycki's 2010 decision.  According to the Seventh Circuit, the ***Sanders*** exception does not apply where plaintiff's only constitutional claim is that there was a lack of due process in the proceedings on the prior claim itself:

> *Sanders* did not hold that a court may review an initial decision denying benefits beyond the statutory period of limitations where the agency later declines to reopen the decision simply because the initial decision allegedly raised a constitutional question. Rather, the

Court said that the refusal to reopen the decision itself must raise the constitutional question, and observed this would be a "'rare instanc[e].'" *Sanders,* 430 U.S. at 109, 97 S.Ct. at 986.

***Steebe v. U.S. R.R. Retirement Board*, 708 F.2d 250, 256 (7th Cir. 1983)**.

Here, the alleged due process violation is that plaintiff and her mother "lacked the mental competence and legal assistance necessary to contest the agency's relevant prior determinations." Doc. 24, ¶25.  This alleged constitutional deficiency relates only to the proceedings on the 1996 and 1999 applications.  (Ms. Ball was represented by counsel on the 2008 application.  See, Tr. 14.)  Ms. Ball has not identified any separate constitutional violation with regard to the proceedings on her 2008 application.  In ***Steebe***, the Seventh Circuit specifically rejected the idea that a claimant's right to due process is violated "by refusing to reopen a decision which violated the applicant's right to due process."  ***Steebe*, 708 F.2d at 256.**

Under ***Steebe***, plaintiff has not raised a colorable constitutional claim so as to fit within the ***Sanders*** exception.  However, plaintiff urges this Court to follow two cases which she admits are not precedential: ***Culbertson v. Secretary of Health and Human Services*, 859 F.2d 319 (4th Cir. 1988)**, and ***Bobola v. Sullivan*, 753 F. Supp. 729 (N.D. Ill. 1991)**.  In ***Culbertson***, the Fourth Circuit held that, where the claimant did not have the mental capacity or legal assistance necessary to contest the original denial of her claim, the decision not to reopen a prior claim was subject to judicial review because the refusal to reopen violated the claimant's due process rights. ***Culbertson*, 859 F.2d at 324**.  In ***Bobola***, the plaintiff filed a complaint seeking review of the agency's refusal to reopen a prior claim.  The Northern District applied ***Culbertson*** and denied the defendant's motion to dismiss, holding that plaintiff raised a constitutional claim where she alleged that she did not have a meaningful opportunity to litigate her prior claim because she was

mentally incompetent and did not have counsel. **Bobola, 751 F. Supp at 730-731.**

Obviously, neither **Culbertson** nor **Bobola** are binding precedents. According to this Court's research, neither case has been cited by the Seventh Circuit. **Bobola** is the only District Court in this Circuit to have cited **Culbertson**, and **Bobola** has not been cited in any other District Court case from this Circuit. Both cases are contrary to the clear holding in **Steebe**, a binding Seventh Circuit precedent which was ignored by plaintiff in her response to defendant's motion. This Court is constrained to apply **Steebe**, and not the cases relied upon by plaintiff.

<u>Recommendation</u>

It is clear under Supreme Court and Seventh Circuit precedent that this Court has no jurisdiction to review the agency's refusals to reopen plaintiff's prior claims and to extend the time for seeking administrative review of the denials of the prior claims. Therefore, this Court recommends that Defendant's Revised Motion to Dismiss for Lack of Subject Matter Jurisdiction **(Doc. 25)** be **GRANTED**, and Ashley Ball's complaint be dismissed with prejudice.

Defendant's initial Motion to Dismiss **(Doc. 14)** should be denied as moot.

Objections to this Report and Recommendation must be filed on or before **October 9, 2012.**

**Submitted: September 20, 2012.**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**

8