## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ASHLEY BALL,**

**Plaintiff,**

**v.**

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

**Defendant.**                                        **No. 11-985-DRH-CJP**

<u>**ORDER**</u>

**HERNDON, Chief Judge:**

This case is here on "objections" to magistrate judge Clifford J. Proud's (the "magistrate") report and recommendation (the "report") (Doc. 28) recommending that plaintiff Ashley J. Ball's complaint be dismissed with prejudice for lack of jurisdiction.  Plaintiff filed objections, alleging that the magistrate did not hold defendant Michael J. Astrue, Commissioner of Social Security (the "Commissioner"), to the proper legal standards regarding plaintiff's claim in several respects, including relying on erroneous interpretations of *Califano v. Sanders*, 430 U.S. 99, 107-08 (1977), and *Steebe v. U.S. R.R. Ret. Bd.*, 708 F.2d 250, 256 (7th Cir. 1983), in rejecting plaintiff's claim.  The Court disagrees, adopts the magistrate's report in its entirety, and dismisses plaintiff's claim with prejudice.

### I. Background

Plaintiff was born in December 1985, and when her father passed away in September 1993, plaintiff began receiving child's insurance benefits based on her

father's earnings.  On March 26, 1996, plaintiff's mother filed an application for supplemental security income ("SSI") benefits on behalf of plaintiff based on a disability alleged since September 2, 1995.  On July 16, 1996, that application was denied on the basis that plaintiff was not disabled and no appeal was filed.  On July 8, 1999, plaintiff's mother filed a new application for SSI benefits on behalf of plaintiff, and on December 7, 1999, that application was denied on the basis that plaintiff was not disabled.  No appeal from that determination was made.

In December 2003, plaintiff turned eighteen years old.  In January 2004, plaintiff applied for disabled adult child's insurance benefits and for SSI benefits. Plaintiff's application for disabled adult child's insurance benefits was approved in a decision dated May 26, 2005.  On June 27, 2005, plaintiff received notice that her application for SSI benefits was also approved.  The letter indicated that plaintiff became eligible for SSI beginning on January 16, 2004, and that payment would begin to be made to her representative, plaintiff's grandmother, Edith Mae Taylor, no later than July 4, 2005.  On month later, on July 27, 2005, plaintiff was notified that she was no longer eligible for SSI because of her income.  Plaintiff requested reconsideration and a hearing.  After a hearing, an administrate law judge ("ALJ") decided in January 2007, that the agency's decision was correct.

In April 2007, plaintiff's eligibility for SSI was terminated because no benefits had been payable due to excess countable income for more than twelve continuous months.  Plaintiff filed three more applications for SSI during 2007.  All of the 2007 applications were denied because of excess countable income.  The issue of disability

was never reached in those decisions and none were appealed.

In May 28, 2008, plaintiff filed another application for SSI.  On September 1, 2008, plaintiff was notified that she was eligible to receive SSI payments as of the date of her application, May 28, 2008.  Thereafter, plaintiff requested a hearing by an ALJ to appeal the date of the application used to start her benefits.  Plaintiff argued that she should be eligible for SSI payments based on her earlier March 26, 1996, application, which alleged an onset date of September 2, 1995.  The ALJ held two hearings, and on July 23, 2010, the ALJ issued a decision, making the following findings:

1.  The July 16, 1996 and December 13, 1999 initial determinations and the May 26, 2005 and January 25, 2007 hearing decisions are administratively final because there is no basis under 20 CFR 416.1488 to reopen them and no good cause under 20 CFR 416.1411 and SSR 91-5p for failure timely appeal those determinations and those hearing decisions.

2.  The September 1, 2008 Notice of Award of Supplemental Security Income Benefits under Title XVI of the Social Security Act correctly found that the claimant's current eligibility for supplemental security income benefits is based on her May 28, 2008 application.

Plaintiff requested that the ALJ's decision be reviewed, and on September 2, 2011, the appeals council denied plaintiff's request.

On November 7, 2011, plaintiff filed suit against defendant, seeking judicial review of the Commissioner's decision to deny SSI benefits to plaintiff based on her 1996 application (Doc. 3).  On May 7, 2012, defendant filed a motion to dismiss for lack of subject matter jurisdiction (doc. 14), contending that plaintiff had advanced no jurisdictional basis for the Court to review the ALJ's decision not reopen her 1996

initial determination.  Plaintiff filed a response to the motion to dismiss and also sought leave to file a first amended complaint (Doc. 20), seeking to add constitutional claims to her complaint.  The Court granted leave to file, and on June 28, 2012, plaintiff filed her first amended complaint (Doc. 24), seeking review of the Commissioner's decisions on plaintiff's applications for SSI filed on March 26, 1996, July 8, 1999, and May 28, 2008.  Plaintiff sought judicial review pursuant to "42 U.S.C. § 405(g), 1383(c) because Ball seeks review of a final decision of the Commissioner after a hearing, and is also conferred by 28 U[.]S[.]C[.] § 1331 because Ball raises constitutional questions arising out of the Due Process clause of the Fifth Amendment to the United States Constitution."  Plaintiff alleged that "[t]he Commissioner's action in denying Ball's request to appeal or reopen certain prior applications, including but not limited to her 1996 application, violate Ball's rights to due process under the Fifth Amendment to the United States Constitution because Ball lacked both the mental competence and the legal assistance necessary to contest the agency's relevant prior determinations."

On July 26, 2012, defendant filed a revised motion to dismiss for lack of subject matter jurisdiction (Doc. 25).  That motion was briefed, and on September 20, 2012, the magistrate issued the report pursuant to 28 U.S.C. § 636(b)(1)(B) (Doc. 28), recommending that defendant's revised motion to dismiss for lack of subject matter jurisdiction (Doc. 25) be granted, defendant's initial motion to dismiss (Doc. 14) be denied as moot, and plaintiff's complaint be dismissed with prejudice.  The report was sent to the attorneys of record with a notice informing them of their right

to appeal by way of filing "objections" within fourteen days of service of the report.

Plaintiff timely filed objections to the report (Doc. 29), and defendant filed a response

(Doc. 30).  Because plaintiff filed objections, this court must determine de novo any

part of the magistrate judge's disposition that has been properly objected to and may

accept, reject, or modify, in whole or in part, the findings and recommendations

made by the magistrate judge.  FED. R. CIV. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C);

SDIL-LR 73.1(b).  For the reasons that follow, the magistrate's report is accepted in

whole.

## II. <u>Analysis</u>

In plaintiff's objections, plaintiff contends that the magistrate relied upon an

erroneous interpretation of *Sanders* and *Steebe* in rejecting plaintiff's constitutional

claim.  Specifically, plaintiff takes issue with the magistrate's conclusion that plaintiff

"has not identified any separate constitutional violation with regard to the

proceedings on her 2008 application."  Plaintiff contends that such a conclusion by

the magistrate is unsupported and misinterprets *Sanders* and *Steebe*.  Plaintiff avers

that she could not have raised the issue of her lack of capacity at the time of her prior

applications because both she and her representative lacked sufficient capacity.  She

suggests that the only practical and realistic opportunity she had to raise the issue

of lack of capacity regarding the prior applications occurred during prosecution of

her 2008 application.  Plaintiff argues that she raised such capacity issue during that

time and sought reopening of the prior applications on that basis.  She argues that

in failing to grant reopening, the ALJ did in fact commit a "separate constitutional

violation with regard to the proceedings on her 2008 application."

Defendant responds by arguing that there is nothing in *Steebe* suggesting that its rationale should vary based on the nature of the constitutional violated alleged. Furthermore, defendant contends even if the Court were to accept plaintiff's argument that the holding in *Steebe* should not apply to the instant case, there was no constitutional violation at the initial administrative level because there is no right to counsel even for a mentally ill claimant before the agency.

In *Sanders*, the Supreme Court considered, among other things, whether § 205(g) of the Social Security Act authorized judicial review of the final decision of the Secretary not to reopen a claim for benefits. 430 U.S. at 107. The Supreme Court concluded "that § 205(g) cannot be read to authorize judicial review of alleged abuses of agency discretion in refusing to reopen claims for social security benefits." *Id.* at 107-08. The Supreme Court set forth, in pertinent part, § 205(g) which provided that "[a]ny individual, *after any final decision of the Secretary made after a hearing* to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days . . . ." *Id.* at 108 (quoting 42 U.S.C. § 405(g) (Emphasis supplied.)).[1] The Court stated:

> This provision clearly limits judicial review to a particular type of agency action, a 'final decision of the Secretary made after a hearing.' But a petition to reopen a prior final decision may be denied without a hearing as provided in § 205(b), [Citations]. Indeed, the opportunity to reopen final decisions and any hearing convened to determine the propriety of

_____

[1]Section 405(g) has since replaced "Secretary" with "Commissioner of Social Security." 42 U.S.C. § 405(g).

> such action are afforded by the Secretary's regulations and not by the
> Social Security Act. Moreover, an interpretation that would allow a
> claimant judicial review simply by filing – and being denied – a petition
> to reopen his claim would frustrate the congressional purpose, plainly
> evidenced in § 205(g), to impose a 60-day limitation upon judicial
> review of the Secretary's final decision on the initial claim for benefits.
> [Citation]. Congress's determination so to limit judicial review to the
> original decision denying benefits is a policy choice obviously designed
> to forestall repetitive or belated litigation of stale eligibility claims. Our
> duty, of course, is to respect that choice.

*Id.* The Supreme Court recognized, however, that there might be "rare instances
where the Secretary's denial of a petition to reopen is challenged on constitutional
grounds" and "when constitutional questions are in issue, the availability of judicial
review is presumed . . . ." *Id.* The Supreme Court cited to *Weinberger v. Salfi*, 422
U.S. 749 (1975), and *Mathews v. Eldridge*, 424 U.S. 319 (1976), "both cases that
authorized judicial review under § 205(g) of the Secretary's decision to deny or
discontinue social security benefits notwithstanding the absence of a prior § 205(b)
hearing." *Id.* at 108-09. Both of those cases, however, involved instances where the
claimants challenged the Secretary's decisions on constitutional grounds. *Id.*
Specifically, in *Weinberger*, the complaint sought review of the benefits based on the
plain wording of a statute which was alleged to be unconstitutional, 422 U.S. at 764,
and in *Mathews*, the issue was whether the Due Process Clause of the Fifth
Amendment required that prior to the termination of Social Security disability benefit
payments, the recipient be afforded an opportunity for an evidentiary hearing, 424
U.S. at 323.

In *Steebe,* the Court looked to *Sanders* in a case involving a petitioner's claims

for a disability annuity under the Railroad Retirement Act ("RRA").  The Seventh Circuit concluded that it lacked jurisdiction to review the Railroad Retirement Board's decision not to reopen the petitioner's claim denying his disability claim. *Steebe*, 708 F.2d at 254-55.  The court found that, "[a]lthough *Sanders* addressed reopening under the Social Security Act, the reasoning in *Sanders* is equally applicable to the RRA." *Id.* at 255.  In addressing the petitioner's argument that the constitutional exception provided in *Sanders* applied because "the Board's refusal to reopen his 1956 claim denied him due process solely because the 1956 decision allegedly denied him procedural due process," the court noted that "*Sanders* did not hold that a court may review an initial decision denying benefits beyond the statutory period of limitations where the agency later declines to reopen the decision simply because the initial decision allegedly raised a constitutional question." *Id.* at 255-56. "Rather, the Court said that the refusal to reopen the decision itself must raise the constitutional question, and observed this would be a 'rare instanc[e].'" *Id.* at 256 (quoting *Sanders*, 430 U.S. at 109).  Furthermore, the court rejected the petitioner's interpretation of *Stanley* that the Social Security Board violated the applicant's right to due process by refusing to reopen a decision which violated the applicant's right to due process, reasoning as follows:

> If this view were accepted, cases would rarely come to a final resolution and the *Sanders* exception would not be limited to 'rare instances.' [footnote omitted].  In this instance, such a ruling would result in a review of a 1956 decision by the Board which is clearly barred by the one year limitations period provided in 45 U.S.C. § 231g and by the requirement of exhaustion of administrative remedies set forth in 45 U.S.C. § 355. [Citation]. [Petitioner] devotes the lion's share of his brief

to pointing out deficiencies in the 1956 decision; however, that decision is not properly before us. [footnote omitted].  We uphold the Board's decision not to reopen the 1956 application, finding no denial of due process.

*Id.* at 256.

Here, the Court finds that the magistrate did not misinterpret *Sanders* and *Steebe,* and plaintiff's objections are denied.  The magistrate correctly concluded that plaintiff's alleged constitutional deficiency relates only to the proceedings on the 1996 and 1999 applications and plaintiff has failed to identity any separate constitutional violation with regard to her proceedings on the 2008 application.  Plaintiff attempts to argue that she has alleged a constitutional violation because she argued to the ALJ that plaintiff's mother lacked capacity to appeal the denial of plaintiff's applications for SSI benefits because she "was so busy raising [plaintiff] and her three siblings, and too busy working, to adequately represent the [plaintiff's] interest in prior applications for benefits," but this argument relates to the 1996 and 1999 applications, not to the 2008 application.  Thus, *Steebe* controls this issue.  See *Steebe*, 708 F.2d at 256 (rejecting the petitioner's interpretation of *Stanley* that the Social Security Board violated the applicant's right to due process by refusing to reopen a decision which violated the applicant's right to due process).

### III.  Conclusion

For the reasons stated above, the Court accepts the magistrates report in its entirety.  Defendant's revised motion to dismiss for lack of subject matter jurisdiction (Doc. 25) is granted, defendant's initial motion to dismiss (Doc. 14) is denied as

moot, and plaintiff's complaint is dismissed with prejudice.

**IT IS SO ORDERED.**

Signed this 11th day of December, 2012.

Digitally signed by
David R. Herndon
Date: 2012.12.11
16:20:20 -06'00'

**Chief Judge**
**United States District Court**